RECEIPT # 52191
AMOUNT $ 50.00
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Kim Abaid
DATE 12-4-03

SCANNED
DATE: 12-4-03
BY: F.O.M.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2003 DEC -4 P 12:51
U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO.: _____

| | |
|---|---|
| JOHN MORTIMER<br>　　Plaintiff<br><br>V.<br><br>GEORGE MACCALLUM and the<br>SUFFOLK COUNTY SHERIFF'S<br>DEPARTMENT,<br>sued in their individual<br>and individual capacities<br>　　Defendants. | COMPLAINT AND DEMAND<br>FOR JURY TRIAL<br><br>**03-12447RCL**<br><br>MAGISTRATE JUDGE Bowler |

### INTRODUCTION

1. This is a civil rights action for money damages against the Suffolk County Sheriff's Department and George MacCallum in their individual and official capacities brought pursuant to 42 U.S.C. § 1983 and M.G.L.c. 12 § 111, to obtain redress for the deprivation of rights secured by the federal and state constitutions. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendant jurisdiction of this court to entertain claims arising under state law.

2. It is alleged that the defendant, George MacCallum, while acting under the color of law, did assault and beat the plaintiff, John Mortimer. It is further alleged that this violation was committed as a result of the policies and/or customs of the Suffolk County Sheriff's Department, as well as the failure of the same to properly hire, train and supervise its employees.

## PARTIES

3. The plaintiff, John Mortimer (hereinafter referred to as "plaintiff" or "Mortimer"), is an individual who currently resides in South Boston, Suffolk County, Massachusetts.

4. The defendant, George MacCallum (hereinafter referred to as "defendant" or "MacCallum"), is an individual currently employed by the Suffolk County Sheriff's Department.

5. The defendant, Suffolk County Sheriff's Department is a governmental entity located at 200 Nashua Street, Boston, in the Commonwealth of Massachusetts in Suffolk County.

## FACTS

At all time material to this complaint:

6. The Nashua Street Jail ("NSJ") is a facility whose primary function is to house persons who are detained pending trial and/or probationary matters ("pre-trial detainees") in Suffolk County. The NSJ is operated and controlled by the Suffolk County Sheriff's Department, which is also responsible for the custody and care of its pre-trial detainees.

7. The Sheriff's Investigative Division ("SID") is a unit within the Sheriff's Department, which is authorized to, and in fact did investigate incidents where physical force was used on pre-trial detainees by Sheriff's Department staff at the NSJ.

8. The defendant MacCallum was employed with the Suffolk County Sheriff's Department at the NSJ and was entrusted with the custody and care of pre-trial detainees.

Specific allegations are as follows:

9. On or about January 16, 2003, the plaintiff was placed in the property room area or "dirty hold cell" of the NSJ upon his return from the South Boston District Court in Suffolk County, Massachusetts.

10. The defendant MacCallum yelled at the plaintiff for not having his proper uniform on and pushed the plaintiff's head into a property bag.

11. Shortly after another inmate left the property room area, the defendant MacCallum approached the plaintiff and for no legitimate reason slapped and punched him in the face and stomach.

12. The defendant MacCallum then grabbed the plaintiff's right arm with his left hand and punched the plaintiff in the jaw with his right hand knocking him to the ground.

13. The defendant MacCallum then cuffed the plaintiff's hands behind his back and kicked him in the side. MacCallum picked the plaintiff up, placed him on a bench and punched him again in the face.

14. The defendant MacCallum threatened the plaintiff and informed him that he knew where the plaintiff resided and knew that he was being released the following day.

## **CLAIMS FOR RELIEF**

COUNT I – 42 U.S.C. § 1983

15. The plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 6 through 14 of this complaint.

16. The defendant MacCallum did assault and batter the plaintiff, John Mortimer, and in so doing did violate the constitutional rights of the plaintiff.

17. The actions of the defendant MacCallum as described above, amount to the unnecessary, intentional, willful, wanton and reckless deprivation of plaintiff's rights, privileges and immunities as guaranteed by the Constitution and laws of the United States and by the Constitution and laws of the Commonwealth of Massachusetts.

18. Prior to and including January 16, 2003, defendant, Suffolk County Sheriff's Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of pre-trial detainees in the NSJ, which caused the violations of plaintiff John Mortimer's rights.

19. All of the defendants' actions and omissions alleged in this complaint were performed under the color of law, statutes and regulations of the Commonwealth of Massachusetts, and the Suffolk County Sheriff's Department.

20. All of the defendants' actions and omissions alleged in this complaint were committed as a result of policies or customs of the Suffolk County Sheriff's Department, as well as a failure to train and supervise employees.

21. By the actions described in this complaint, the defendants deprived the plaintiff, John Mortimer, of clearly established constitutional rights, including the following:

      a)      the right to be free of unlawful seizures of his person;

      b)      the right to be free from excessive and unreasonable force;

      c)      the right to freedom of speech; and

      d)      the right to be free from cruel and unusual punishment.

22. As a direct and proximate result of the acts and omissions of the defendants, the plaintiff was forced to endure great mental and emotional anguish and anxiety, was forced to endure severe and painful injury and was subjected to humiliation and degradation.

### COUNT II – MASSACHUSETTS CIVIL RIGHTS ACT
(G.L. c. 12, §§ 11H and I)

23. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 6 through 14 of this complaint.

24. The defendants, by means of threats, intimidation and physical coercion interfered and attempted to interfere with the plaintiff's exercise of rights secured by the United States Constitution and the Massachusetts Declaration of Rights.

25. The defendants' conduct as described above violated the plaintiff's civil rights under G.L. c. 12, 11H.

26. As a direct and proximate result of the acts and omissions of the defendants, the plaintiff was forced to endure great mental and emotional anguish and anxiety, was forced to endure severe and painful physical injury and was subjected to humiliation and degradation.

## COUNT III – ASSAULT AND BATTERY

27. The plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 6 through 14 of this complaint.

28. By the conduct described in this complaint, the defendant MacCallum committed an assault and battery upon the plaintiff.

29. As a direct and proximate result of the acts and omissions of the defendants, the plaintiff was forced to endure great mental and emotional anguish and anxiety, was forced to endure severe and painful physical injury, and was subjected to humiliation and degradation.

## PRAYERS FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court grant the following relief:

1. Award compensatory damages against the defendants jointly and severally;
2. Award punitive damages against the defendant MacCallum;
3. Award the plaintiff all reasonable costs and attorney's fees;
4. Such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: December 1, 2003

Respectfully Submitted,
John Mortimer,
By His Attorneys,

Keith J. Nicholson, Esquire
BBO# 634726
Robert A. George & Assoc.
138 Newbury Street, Suite 3
Boston, MA 02116
(617) 262-6900