UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN MORTIMER,<br>Plaintiff,<br><br>vs.<br><br>GEORGE MACCALLUM and the<br>SUFFOLK COUNTY<br>SHERIFF'S DEPARTMENT<br>Defendants | CIVIL ACTION No. 03-1244RCL |

**DEFENDANT SUFFOLK COUNTY SHERIFF'S DEPARTMENT'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT
PURSUANT TO FED.R.CIV.P. 12(b)(6)**

INTRODUCTION

Plaintiff is a former detainee at the Nashua Street Jail. He alleges that on January 16, 2003, Jail Officer George MacCallum assaulted him without provocation or justification in the booking area of the Jail.

The Complaint is brought against the Suffolk County Sheriff's Department and against George MacCallum and alleges violations of 42 U.S.C. §1983 (Count I); M.G.L. c. 12 §11 H and I, Massachusetts Civil Rights Act (MCRA)(Count II); and the intentional tort of assault and battery (Count III).

The instant motion is brought by Defendant Suffolk County Sheriff's Department and seeks dismissal of Counts II and III against it. Dismissal is sought on Count II as Defendant

1

Suffolk County Sheriff's Department is not a person within the meaning of M.G.L. c. 12 §11 H and I, and liability cannot be based on respondeat superior.

Dismissal is sought on Count III as Plaintiff makes no allegations that Defendant Suffolk County Sheriff's Department committed an intentional tort and Defendant Suffolk County Sheriff's Department is not liable for intentional torts committed by its employees.

## FACTS

The Suffolk County Sheriff's Department operates the Nashua Street Jail, the primary function of which is the care and custody of pretrial detainees. (Complaint ¶ 6). Plaintiff was in the custody of the Suffolk County Sheriff's Department on January 16, 2003. On that date he was placed in the property room of the booking area of the Jail. (Complaint ¶ 9). Defendant George MacCallum was a Jail Officer on that date. (Complaint ¶ 8).

Defendant MacCallum yelled at Plaintiff for not having the proper uniform, and pushed Plaintiff's head into a property bag. (Complaint ¶ 10). After another inmate left the property area, defendant MacCallum slapped and punched Plaintiff in the face and stomach. (Complaint ¶ 11). Defendant MacCallum then grabbed Plaintiff's right arm with his left hand and punched Plaintiff in the jaw with his right hand, knocking Plaintiff to the ground. (Complaint ¶ 12).

Defendant MacCallum then handcuffed Plaintiff's hands behind his back, and kicked him in the side. (Complaint ¶ 13). Defendant MacCallum picked up the Plaintiff, placed him on a bench and again punched him in the face. (Complaint ¶ 13). Defendant MacCallum threatened Plaintiff and informed Plaintiff that he knew where Plaintiff resided and that Plaintiff was being released the following day. (Complaint ¶ 14).

2

# ARGUMENT

I. **COUNT II MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(6) BECAUSE DEFENDANT SUFFOLK COUNTY SHERIFF'S DEPARTMENT IS NOT A PERSON UNDER THE MCRA AND LIABILITY FOR THE MCRA CANNOT BE BASED ON RESPONDEAT SUPERIOR.**

A. *Count II of Plaintiff's Complaint Must Be Dismissed Because Suffolk County Sheriff's Department Is Not A Person Under The Massachusetts Civil Rights Act*

Count II of Plaintiff's Complaint concerns the Massachusetts Civil Rights Act (MCRA) M.G.L. c. 12 §§ H and I. As a matter of law, this claim must fail because the Defendant Suffolk County Sheriff's Department is not a "person" under the statute. Commonwealth v. Elm Medical Laboratories, Inc. et al, 33 Mass.App.Ct. 71, 76 (1992); Howcroft v. City of Peabody, 51 Mass.App.Ct. 573, 591 (2001); Ali v. University of Massachusetts Medical Center, et al. 140 F.Supp.2d 107, 110 (2001); Wagner v. City of Holyoke, 241 F.Supp.2d 78, 96 (2003).

In order to establish a claim under the MCRA, the plaintiff must allege that "(1) his exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth, has been interfered with, or attempted to be interfered with and (2) that the interference or attempted interference was by threat, intimidation or coercion." M.G.L. c. 12 §11H, 11I.

Though the protection of the MCRA has been extended to hold private corporations vicariously liable for the unlawful acts of an employee acting within the scope of his/her employment in Sarvis v. Boston Deposit & Trust, 47 Mass. App.Ct. 86, 711 N.E.2d 911 (1999), the decision was based on the statutory meaning of the word "person" as defined in MASS. GEN. LAW ch. 4 § 7. Id at 97. Importantly, the Court specifically stated that the word "persons" does not include "the state or political subdivisions thereof." Sarvis, 47 Mass.App.Ct. at 96, 711

3

N.E.2d at 920, FN 10, (citing <u>Hansen v. Commonwealth</u>, 344 Mass. 214, 219, 181 N.E. 2d 843, 847 (1952); <u>Fran's Lunch, Inc. v. Alcoholics Bevs. Control Comm'n</u>, 45 Mass.App.Ct. 663, 664, 700 N.E.2d 843, 845 (1998)).

Subsequent to the <u>Sarvis</u> decision, both state and federal courts have addressed the issue of municipal liability under the MCRA and have declined to expand the MCRA to include municipal liability for the acts of public employees. <u>Metivier v. Town of Grafton</u>, 148 F.Supp.2d 102 (D. Mass. 2001) citing the Massachusetts Appeals Court in <u>Howcroft</u>.

      B.    <u>Liability Under The Massachusetts Civil Rights Act Cannot Be Based On The Theory Of Respondeat Superior, There Are No Allegations Of Threats, Intimidation Or Coercion By Defendant Suffolk County Sheriff's Department</u>

The doctrine of respondeat superior does not apply to an action brought under the Massachusetts Civil Rights Act. <u>Raymond v. City of Worcester</u>, 142 F.Supp.2d 145, 148, 149 (D. Mass. 2001) ("municipalities cannot be sued under the Massachusetts Civil Rights Act" and "the MCRA does not permit vicarious liability against municipalities."). "Claims against employers under the MCRA cannot rest on the doctrine of respondeat superior." <u>Lyons v. National Car Rental Systems Inc.</u>, 30 F.3d 240, 247 (1994); <u>French v. United Parcel Service, Inc.</u> 2 F.Supp.2d 128, 133 (1998). In <u>Lyons</u>, the First Circuit noted that even though the Massachusetts Supreme Judicial Court had not addressed the issue, there was no respondeat superior under the MCRA.

In <u>Chaabouni v. City of Boston</u>, 133 F.Supp.2d 93 (2001), the First Circuit granted Defendant's Motion to Dismiss on a MCRA claim finding that the statute does not allow for municipal liability under the doctrine of respondeat superior. <u>Chaabouni</u> at 104. The Plaintiff in Chaabouni had sued the City for negligent training, intentional infliction of emotional distress, and civil rights violations under both the MCRA and 42 U.S.C. §1983. The Court found that

4

while MCRA claims under respondeat superior may be brought against private actors, Sarvis v. Boston Safe Deposit & Trust Co., 47 Mass.App.Ct. 86, 94-97 (1999), the Massachusetts legislature likely did not intend to impose the theory of respondeat superior on municipalities. Chaabouni at 103.

In Vicarelli v. Business International, Inc. 973 F.Supp. 241 (1997), the First Circuit granted Defendant's Motion to Dismiss where plaintiff alleged that Defendant, "through the actions of its agents and employees" violated the MCRA. Vicarelli at 247. Comparing Vicarelli to the instant case, Plaintiff Mortimer fails to even make the allegations that were leveled against defendant in Vicarelli. Plaintiff's MCRA claim makes no allegations against Defendant Suffolk County Sheriff's Department.

Specifically, Plaintiff incorporates Paragraphs 6 through 14 of the Complaint into the alleged violation of the MCRA, in Count II of Plaintiff's Complaint. Paragraphs 6 through 14 of the Complaint make no allegations against Defendant Suffolk County Sheriff's Department. Instead, these nine paragraphs detail an alleged incident that occurred between Plaintiff and Defendant MacCallum. (Complaint ¶¶ 6 through 14). The allegations are specific as to how Defendant MacCallum threatened, intimidated, and coerced Plaintiff. There is no allegation that the Defendant Suffolk County Sheriff's Department was involved in any threats, intimidation or coercion.

Plaintiff's claim against Defendant Suffolk County Sheriff's Department must fail as a matter of law, as Plaintiff has failed to allege any conduct by Defendant Suffolk County Sheriff's Department that could be considered a threat, intimidation, or coercion. Bally v. Northeastern University, 403 Mass. 713, 717, 532 N.E. 2d 49, 51-52 (1989). Swanset Dev. Corp. v. City of

Taunton, 423 Mass. 390, 395 (1996). A threat, intimidation or coercion is essential to a claim under the MCRA. Broderick v. Roache, 803 F.Supp. 480, 485 (D.Mass 1992).

Plaintiff makes no allegation that anyone other than Defendant MacCallum assaulted him in any way. (See Complaint ¶¶ 6 through 14). Some form of "direct assault" by a Defendant is required to state a claim under the MCRA. Bally at 719. No such "direct assault" is alleged by Plaintiff against Defendant Suffolk County Sheriff's Department, and the claim must fail as a result.

II. **COUNT III MUST BE DISMISSED BECAUSE PLAINTIFF'S COMPLAINT FAILS TO IDENTIFY A CAUSE OF ACTION AGAINST DEFENDANT SUFFOLK COUNTY SHERIFF'S DEPARTMENT, AND DEFENDANT SUFFOLK COUNTY SHERIFF'S DEPARTMENT IS NOT LABLE FOR INTENTIONAL TORTS COMMITTED BY ITS EMPLOYEES.**

   A. <u>Count III Of Plaintiff's Complaint Fails To Allege A Cause Of Action Against Defendant Suffolk County Sheriff's Department</u>

In Count III of the Complaint, Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 6 through 14 of the Complaint. (Complaint ¶ 27). These nine paragraphs detail an incident which occurred involving Plaintiff and Defendant MacCallum. By incorporating these nine paragraphs, Plaintiff establishes an allegation of assault and battery against Defendant MacCallum, but fails to allege any wrongdoing on the part of Defendant Suffolk County Sheriff's Department. (Complaint ¶¶ 6-14).

An actor is liable to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (b) a harmful contact with the person of the other directly or indirectly results. Restatement (Second) of Torts § 13 (1977). Assault requires that the actor "intend to cause an imminent apprehension in another person of harmful or offensive contact." Restatement of Torts

6

(Second) § 21 (1977). Plaintiff in the instant case has offered no allegation that Defendant Suffolk County Sheriff's Department acted in such a manner as to satisfy any of these elements.

Paragraph 28 states a legal conclusion that does not require a response from Defendant Suffolk County Sheriff's Department. Specifically, that Defendant MacCallum committed an assault and battery upon the Plaintiff. (Complaint ¶ 28). The language of paragraph 29 offers legal conclusions regarding negligence, which is misplaced in an allegation of an intentional tort. Negligence is not alleged in Count III. (Complaint ¶ 29).

### B. Defendant Suffolk County Sheriff's Department Is Not Liable For The Intentional Torts Of Its Employees

Count III appears to allege that, due to acts and omissions of the defendants, the Plaintiff endured great anguish and anxiety, severe physical injury, and humiliation. (Complaint ¶ 29). The acts and omissions are not delineated. The only cause of action named in Count III is the common law intentional tort of assault and battery. While a Defendant may be liable for **negligent** acts of employees acting within the scope of their employment, under M.G.L. c. 258 §2, claims arising out of intentional torts are expressly excluded by M.G.L. 258 §10(c).[1] Spring v. Geriatric Authority of Holyoke et al, 394 Mass. 274, 285 (1985). "It is well settled law that, pursuant to the Massachusetts Tort Claims Act, a public employer is immune from liability for the intentional torts of its public employees." Consolo v. George, 835 F.Supp. 49 (D.Mass. 1993).

The plain reading of this Count shows that the proper Defendant is MacCallum and MacCallum alone. While public employers may not be held liable for the intentional torts of their employees, the employees (MacCallum in this case) may be personally liable. Holden v.

---

[1] M.G.L. c 258 §10(c): The provisions of c. 258 §§ one through eight, inclusive, shall not apply to any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations.

7

Worcester Housing Authority et al., 1995 WL 809991 (Mass.Super.)(1995) *citing* Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 285 (1985).

## CONCLUSION

There can be no violation of the MCRA since the Defendant Suffolk County Sheriff's Department is not a "person" under the statute, and liability for a violation of the MCRA cannot be based on respondeat superior. The intentional tort of assault and battery is clearly alleged against Defendant MacCallum but not against Defendant Suffolk County Sheriff's Department. Furthermore, Defendant Suffolk County Sheriff's Department is not liable for the intentional torts of its employees.

For the foregoing reasons, Defendant Suffolk County Sheriff's Department respectfully requests that this Court dismiss Count II and Count III of Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully Submitted
For Defendant
Suffolk County Sheriff's Department
By its attorney

_____
Al Williamson
BBO # 650027
Assistant General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
(617) 989-6651

Dated: 1/26/04

8

## Certificate of Service

I, AJ Williamson, hereby certify that I have sent copy of the above document to Plaintiff's Counsel, Keith J. Nicholson, Robert A. George & Associates, 138 Newbury Street, Suite 3, Boston, MA 02116 by first class mail this 26th day of January, 2004.

_____
AJ Williamson

## Certificate of Compliance With Local Rule 7.1(A)(2)

Counsel for Defendant Suffolk County Sheriff's Department hereby certifies pursuant to Local Rule 7.1 that he has conferred with counsel for the Plaintiff and that he has attempted in good faith to resolve and narrow the issues in the above Motion to Dismiss.

_____
AJ Williamson

9