UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN MORTIMER,<br>      Plaintiff,<br><br>vs.<br><br>GEORGE MACCALLUM and the<br>SUFFOLK COUNTY<br>SHERIFF'S DEPARTMENT<br>      Defendants | CIVIL ACTION No. 03-1244RCL |

## DEFENDANT SUFFOLK COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO COUNT I OF PLAINTIFF'S COMPLAINT

NOW comes the Defendant, Suffolk County Sheriff's Department, and submits its answer to Count I of Plaintiff's complaint. Defendant is contemporaneously filing a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on Counts II and III.

### INTRODUCTION

Paragraphs 1 and 2 are introductory and require no response.

### PARTIES

3. Defendant Suffolk County Sheriff's Department is without sufficient information to admit or deny the allegations contained in paragraph 3.

4. Defendant Suffolk County Sheriff's Department denies the allegations contained in paragraph 4.

5. Defendant Suffolk County Sheriff's Department denies the allegations contained in paragraph 5.

1

## FACTS

6. Pursuant to M.G.L. c. 126 § 16, the Sheriff of Suffolk County has custody and control of the Nashua Street Jail and all prisoners committed thereto.

7. Defendant Suffolk County Sheriff's Department admits that the Sheriff's Investigative Division (SID) is authorized to investigate allegations of excessive force by staff against pre-trial detainees.

8. Defendant Suffolk County Sheriff's Department admits that defendant MacCallum was employed as a jail officer from November 29, 1989 until December 12, 2003.

9. Defendant Suffolk County Sheriff's Department admits that on or about January 16, 2003, Plaintiff was placed in the property room area of the Nashua Street Jail upon his return from the South Boston Court.

10. Defendant Suffolk County Sheriff's Department is without sufficient information to either admit or deny the allegations contained in paragraph 10.

11. Defendant Suffolk County Sheriff's Department is without sufficient information to either admit or deny the allegations contained in paragraph 11.

12. Defendant Suffolk County Sheriff's Department is without sufficient information to either admit or deny the allegations contained in paragraph 12.

13. Defendant Suffolk County Sheriff's Department is without sufficient information to either admit or deny the allegations contained in paragraph 13.

14. Defendant Suffolk County Sheriff's Department is without sufficient information to either admit or deny the allegations contained in paragraph 14.

## COUNT I

15. Paragraph 15 does not require a response. To the extent a response is required, Defendant Suffolk County Sheriff's Department denies the allegations contained in paragraph 15.

16. Paragraph 16 states a conclusion of law to which no response is required. To the extent a response is required, Defendant Suffolk County Sheriff's Department denies the allegations contained in paragraph 16.

17. Paragraph 17 states a conclusion of law to which no response is required. To the extent a response is required, Defendant Suffolk County Sheriff's Department denies the allegations contained in paragraph 17.

18. Paragraph 18 states a conclusion of law to which no response is required. To the extent a response is required, Defendant Suffolk County Sheriff's Department denies the allegations contained in paragraph 18.

19. Paragraph 19 states a conclusion of law to which no response is required. To the extent a response is required, Defendant Suffolk County Sheriff's Department denies the allegation contained in paragraph 19.

20. Paragraph 20 states a conclusion of law to which no response is required. To the extent a response is required, Defendant Suffolk County Sheriff's Department denies the allegations contained in paragraph 20.

21. Paragraph 21 states a conclusion of law to which no response is required. To the extent a response is required, Defendant Suffolk County Sheriff's Department denies the allegations contained in paragraph 21 (a) through (d).

22. Paragraph 22 states a conclusion of law to which no response is required. To the extent a response is required, Defendant Suffolk County Sheriff's Department denies the allegations contained in paragraph 22.

## COUNTS II AND III

See attached Motion To Dismiss.

## AFFIRMATIVE DEFENSES

1) Defendant Suffolk County Sheriff's Department is not a legal entity amenable to suit.

2) Any alleged violation of Plaintiff's constitutional rights was not caused by an official custom, practice or policy of Defendant Suffolk County Sheriff's Department.

3) Defendant Suffolk County Sheriff's Department is not liable for the intentional torts of its employees.

4) To the extent that defendant McCallum assaulted Plaintiff, he was not acting within the scope of his employment with Defendant Suffolk County Sheriff's Department.

5) Plaintiff has failed to exhaust his administrative remedies.

6) Defendant Suffolk County Sheriff's Department's policies specifically prohibit the use of excessive force and/or physical abuse of an inmate.

## JURY DEMAND

Defendant demands a trial by jury.