UNITED STATES DICTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN MORTIMER,
    Plaintiff,

vs.                            C. A. NO. 03-12447RCL

GEORGE MACCALLUM and the
SUFFOLK COUNTY
SHERIFF'S DEPARTMENT,
    Defendants.

## PLAINTIFF JOHN MORTIMER'S OPPOSITION TO DEFENDANT SUFFOLK COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS COUNT II AND III OF PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)

### INTRODUCTION

Defendant, Suffolk County Sheriff's Department has moved to dismiss count II and III of the Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). As reasons therefore, the Defendant states that count II must be dismissed as the Suffolk County Sheriff's Department is not a "person" within the meaning of M.G.L.c. 12 § 11H and I. The defendant also states that Count III must be dismissed as it is not liable for the intentional torts of its employees.

### FACTS

For purposes of the instant opposition, the Plaintiff adopts the facts and allegations contained in the complaint as well as the defendant's version of the facts as contained in its Memorandum of Law in Support of its Motion to Dismiss Counts II and III of Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

**ARGUMENT**

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Correa-Martinez v. Arrilaga-Belendez, 903 F. 2d 49 (1st Cir. 1990); Lessler v. Little, 857 F. 2d 866 (1st Cir. 1988). "A dismissal for failure to state a claim is appropriate only if it appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Rumford Pharmacy Inc. v. City of East Providence, 970 F. 2d 996, 998 (1st Cir. 1992). For purposes of the defendant's motion to dismiss, the allegations in the complaint and all reasonable inferences are taken in the light most favorable to the non-moving party. In determining whether to dismiss a complaint, the Court must accept the plaintiff's factual averments and indulge any reasonable inferences favorable to the case. Correa-Martinez, 903 F. 2d at 52.

I.  **The defendant's motion to dismiss must be denied as the plaintiff has alleged facts upon which relief may be granted and dismissal prior to completion of discovery would be premature.**

The Massachusetts Tort Claim Act ("MTCA") attaches liability to public employers in cases where public employees have acted wrongly and/or negligently while working within the scope of the their employment. According to M.G.L.c. 258 §2:

> Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment…

The MTCA renders a public employer liable for any personal injury caused by the wrongful acts and or omissions of an employee acting within the scope of his or her office or employment. Florio v. Kennedy, 18 Mass. App. Ct. 917 (1984).

2

The parties appear to be in agreement that the defendant George MacCallum was acting within the scope of his employment when he committed various acts upon the plaintiff in violation of his civil rights. Additionally, the parties also appear to agree that the defendant MacCallum's alleged actions constituted "threats, intimidation or coercion" as those terms have been defined by the Massachusetts Supreme Judicial Court. Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 474 (1994). In moving for dismissal of Counts II and III, the defendant Sheriff's Department relies upon its immunity from vicarious liability pursuant to the MTCA.

Generally, the test of an employer's liability for an assault upon another by an employee is that if the act was performed during the course of the employer's work, and for purposes of accomplishing it, it is the act of the employer and the employer is responsible whether the wrong done was occasioned by negligence or by a wanton or reckless purpose to accomplish the task at hand. Rego v. Thomas Brothers Corporation, 340 Mass. 334, 335 (1960). The defendant Suffolk County Sheriff's Department has moved for dismissal on the grounds that under the MTCA a public employer remains immune from suits for intentional torts. Notwithstanding the fact that the plaintiff has not had an opportunity to conduct discovery, it is plaintiff's position that the defendant, through its own policies and procedures, fostered and/or condoned an environment where plaintiff's rights were ultimately violated.

The Sheriff's Department may, in fact, be liable for the actions of Officer MacCallum if he acted pursuant to a policy or custom of the Sheriff's Department at the time he violated the plaintiff's constitutional rights. This may be accomplished if MacCallum's unlawful conduct was ratified or condoned by the public employer during

3

the course of his employment. Among the many factors which the Court may consider as evidence of ratification are an employer's failure to investigate and discipline an employee on prior occasions and an employer's failure to disavow an employee's unauthorized action or to mitigate the harm caused. Pinshaw v. Metropolitan District Commission, 33 Mass. App. Ct. 733, 735 (1992).

Indeed, the creation of fear in order to compel certain conduct, as suggested here, has in other instances been recognized as a violation of the Massachusetts Civil Rights Act. See Delaney v. Chief of Police of Wareham, 27 Mass. App. Ct. 398, 409 (1989). Redgrave v. Boston Sympony Orchestra, Inc., 399 Mass. 93 (1987). "It is well established that a municipal policymaker may be found to have caused subordinate officials' conduct by reason of the policy maker's acquiescence in a long standing practice or custom which constitutes the 'standard operating procedure' of the local entity." Jeffes v. Barnes, 208 F. 3d 49, 61 (2d Cir. 2000). By way of the complaint, the plaintiff alleges that the actions of defendant MacCallum were committed "as a result of the policies and/or customs of the Suffolk County Sheriff's Department." (Complaint ¶ 2).

It is the plaintiff's position that dismissal of counts II and III would be premature at this stage since the level to which the defendant Suffolk County Sheriff's Department acquiesced in or condoned the conduct of MacCallum and others in its employ has not yet been ascertained. It is anticipated, however, that the evidence will ultimately demonstrate that the defendant through its own conduct endorsed, acquiesced in and ratified the deprivation of plaintiff's civil rights in the manner set forth in the complaint. Therefore, to the extent that defendant MacCallum is found to have acted wrongly or

negligently within the scope of his employment, defendant Suffolk County Sheriff's Department would be held liable for any damages arising from his negligence or wrongful conduct.

## CONCLUSION

For the foregoing reasons, the plaintiff John Mortimer respectfully moves this Honorable Court to deny defendant Suffolk County Sheriff Department's Motion to Dismiss Count II and Count III of the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: February 17, 2004

Respectfully Submitted,
John Mortimer,
By His Attorney,

Keith J. Nicholson, Esquire
BBO # 634726
Robert George & Assoc.
138 Newbury Street, Suite 3
Boston, MA 02116
(617) 262-2023

5

## Certificate of Service

I, Keith J. Nicholson, hereby certify that I have sent a copy of the above document to Defendant's Counsel, AJ Williamson via first class mail to the Suffolk County Sheriff's Department at 200 Nashua Street, Boston, Massachusetts on this the 17th day of February, 2004.

Keith J. Nicholson

## Certificate of Compliance with Local Rule 7.1(A)(2)

Counsel for the Plaintiff hereby certifies that pursuant to Local Rule 7.1 that he has conferred with counsel for the Defendant and has attempted in god faith to resolve and narrow the issue in the above motion.

Keith J. Nicholson