UNITED STATES DICTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*FILED
IN CLERKS OFFICE
2004 MAY 28 A 10: 43
U.S. DISTRICT COURT
DISTRICT OF MASS.*

|  |  |
|---|---|
| JOHN MORTIMER,<br>Plaintiff,<br><br>vs.<br><br>GEORGE MACCALLUM and the<br>SUFFOLK COUNTY<br>SHERIFF'S DEPARTMENT,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C. A. NO. 03-12447RCL

## JOINT STATEMENT AND PROPOSED
## LITIGATION SCHEDULE

### INTRODUCTION

Counsel for the Plaintiff and counsel for the Defendant Suffolk County Sheriff's

Department have conferred by telephone to discuss settlement and a discovery schedule.

### I.    SUMMARY OF POSITIONS

Reserving the right to amend their positions after discovery is completed, the

parties state their positions as follows:

The Plaintiff claims that he was incarcerated at the Nashua Street Jail from

November 4, 2002 through January 17, 2003.  On January 16, 2003 the Plaintiff was

placed in a holding cell after being transported to court.  During this time, the Defendant

MacCallum assaulted the Plaintiff without justification by forcing his head into a wall

and punching him in the face and body.  MacCallum then handcuffed and kicked the

Plaintiff several times.  The complaint names the Suffolk County Sheriff's Department as

a municipal defendant under 42 U.S.C. § 1983.  The Plaintiff alleges that the defendant

Suffolk County Sheriff's Department failed to train and properly supervise its employees including MacCallum.

The Defendant George MacCallum was served with the complaint at his last known address on March 1, 2004. To date, he has not responded.

The Defendant, Suffolk County Sheriff's Department alleges that the Plaintiff's constitutional rights were not violated pursuant to an official custom, practice or policy. Moreover, Suffolk County Sheriff's Department states that it specifically trained MacCallum in the use of force. Following an investigation, MacCallum was terminated as a result of this incident.

## II.    DISCOVERY SCHEDULE

The parties have agreed to the following discovery schedule:

1.    Depositions of fact witnesses will be completed by November 31, 2004.

2.    Disclosure of expert witness information under Fed. R. Civ. P. 26 (a)(2)(B) will be provided by February 31, 2005 for Plaintiff and by January 31, 2005 for Defendant.

3.    Discovery will be completed by May 31, 2005.

4.    Any motions for summary judgment will be filed on or before July 31, 2005.

5.    This case will be ready for trial on August 31, 2005.

## III.    CONSENT TO A TRIAL BY MAGISTRATE JUDGE

The parties have consented to trial by magistrate judge.

IV.    **SETTLEMENT**

The parties have discussed settlement, however, no settlement agreement has been reached.

RESPECTFULLY SUBMITTED,

For the Plaintiff:

For the Defendant,
Suffolk County Sheriff's Dept.,

Keith J. Nicholson, Esquire
138 Newbury Street, Suite 3
Boston, MA  02116
(617) 262-2023

AJ Williamson, Esquire
Suffolk County Sheriff's Dept.,
200 Nashua Street
Boston, MA  02114
(617) 635-1100